AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
MAR 30 2020
MITCHELL R. ELFERS
CLERK

| | |
|---|---|
| United States of America<br>v.<br>JOSHUA GUTIERREZ<br><br>*Defendant(s)* | Case No. 20-MJ-1001 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **March 29, 2020** in the county of **Bernalillo** in the District of **New Mexico**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 United States Code § 1153(a) | Offenses committed within Indian Country |
| Title 18 United States Code § 1111(a) | Murder |

This criminal complaint is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Dibiassi Robinson, Special Agent FBI
*Printed name and title*

Submitted electronically and sworn telephonically.

Date: 03/29/2020

*Judge's signature*

City and state: Albuquerque, New Mexico

Steven C. Yarbrough, U.S. District Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMAL COMPLAINT AND PROBALE CAUSE ARREST;
## JOSHUA GUTIERREZ

I, Dibiassi Robinson, being duly sworn, hereby depose and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and has been employed by the FBI since August 2016. I am a Graduate of the FBI's New Agents Course and have previously served in local law enforcement in Richmond, Virginia and Colorado Springs, Colorado where I investigated narcotics violations, conspiracies and violent crimes including aggravated assaults and homicides. I am currently assigned as a Special Agent, Violent Crimes Squad, at the FBI Albuquerque Field Office, where I investigate violations of the United States Code, including violent crimes, such as, Hobbs Act violations, bank robberies, controlled substance violations, conspiracies, sexual assaults, assaults resulting in serious bodily injury and homicides. I have attended multiple trainings focused on Indian Country Crimes, sexual assaults, aggravated assault and homicides. I am a current and active member of the Albuquerque FBI Special Weapon and Tactics (SWAT) Team.

2. I submit this affidavit in support of a criminal complaint against JOSHUA GUTIERREZ year of birth 1988 (hereinafter referred to as GUTIERREZ).

3. This affidavit is based primarily upon an investigation conducted by me and other law enforcement officers and upon my training and experience. Since this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known concerning this investigation but have set forth only the facts I believe are necessary to establish probable cause to believe that the violations of Title 18 U.S.C. § 1153(a) Offenses committed within Indian Country and Title 18 U.S.C. § 1111(a) Murder, were committed by GUTIERREZ.

## BACKGROUND OF THE INVESTIGATION

4. On March 29, 2020, at approximately 5:29 a.m. I received a telephone call from the FBI Albuquerque Operations Center indicating there was a possible homicide victim located at the Route 66 Casino. I later made contact with a Navajo Nation Criminal Investigator who informed me that a homicide victim was located at the Route 66 Casino, but the actual site of the homicide

was located on the To'Hajiilee Reservation of the Navajo Nation. Upon my arrival at the Route 66 Casino I spoke with two individuals who indicated they were with the victim, John Doe (DOE), when he was shot and later died.

5. JL (year of birth 1998) indicated he, John Doe and MK (year of birth 1985) were at an acquaintance's house when DOE and MK began arguing and fighting with one another. DOE and MK tussled for a few minutes before CP (year of birth 1987) ordered the group to leave the residence. CP is the current girlfriend of GUTIERREZ. DOE and MK stopped momentarily but started tussling and being loud again almost immediately.

6. Shortly afterwards, DOE and JL exited the room and headed towards the front door of the residence. JL indicated that as they approached the kitchen GUTIERREZ raised a handgun up, in his right hand, and fired one shot into the chest of DOE. JL made no mention of an assault or attempted assault by DOE towards GUTIERREZ. While attempting to provide aid to DOE, JL explained that GUTIERREZ told him and MK to get out of the residence "or I'll shoot you too!" GUTIERREZ pointed the firearm at the two as he spoke those words.

7. JL and MK immediately began to place pressure on the wound and loaded DOE into his vehicle and began driving towards Albuquerque. While in route to Albuquerque, JL called 911 and informed the dispatcher of the shooting, while MK drove. JL indicated he was positive of the identity of GUTIERREZ because the two went to school together years ago.

8. MK explained that while at an acquaintance's residence, he and DOE began arguing and fighting. MK indicated CP ordered the group to leave the residence. MK stated DOE left the room and a few seconds later he heard a pop. MK exited the room and went to the kitchen of the residence where he saw DOE laying on the floor. MK inquired as to what DOE had done and why GUTIERREZ had to shoot DOE. As MK attempted to provide aid to DOE, GUTIERREZ ordered the group to leave the residence "or I'll shoot you too!" GUTIERREZ pointed the firearm at the two as he spoke those words. JL informed MK "he'll do it!"

9. GUTIERREZ fled the residence, on foot, and was later located at his residence, approximately one and one half miles from where DOE was shot. GUTIERREZ did not call or attempt to call law enforcement or seek medical attention for DOE.

10. Later in the investigation I spoke with JG (year of birth unknown) who informed me that GUTIERREZ confided in him that he had shot DOE. JG told GUTIERREZ to "lay down, the cops will be here."

11. GUTIERREZ provided a post Miranda warning statement in which he explained that he shot DOE because DOE attempted to assault him. GUTIERREZ indicated the weapon used was located inside JG's residence, where police located him. A .380 caliber pistol and one spent cartridge casing was later recovered from the residence.

12. No weapons were located on or around DOE, nor were any others located in the bedroom where DOE was initially located, in the hallway or anywhere else in the residence where DOE was shot.

13. The above described incident occurred within the exterior boundaries of the To'Hajiilee Indian Reservation part of the Navajo Nation, District of New Mexico. To'Hajiilee Indian Reservation is considered Indian Country as defined by Title 18 U.S.C. § 1151(a).

## CONCLUSION

14. Based on the above described facts, there is probable cause to believe that Joshua Gutierrez committed the violation of Title 18 U.S.C. § 1153(a) and Title 18 U.S.C. § 1111(a) in that he did, unlawfully kill John Doe, an Indian, within the special maritime and territorial jurisdiction of the United States, Indian Country.

15. Supervisory United States Attorney Kyle Nayback has reviewed and approved this affidavit for legal sufficiency.

16. I swear this information is true and correct to the best of my knowledge.

Respectfully submitted,

_____
Dibiassi Robinson
FBI Special Agent

Submitted electronically and sworn to telephonically before me on March 29, 2020:

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE