IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Mag. No.: 20-1001-SCY |
| **JOSHUA GUTIERREZ,** | ) ) ) | |
| Defendant. | ) | |

**<u>UNOPPOSED MOTION FOR A PROTECTIVE ORDER</u>**

The United States of America respectfully moves this Court under Rule 16(d)(1) of the Federal Rules of Criminal Procedure to enter a stipulated protective order as to discovery that the United States will provide to Defendant Joshua Gutierrez. In support of this motion, the United States sets forth the following:

1. On March 30, 2020, the United States filed a complaint charging Defendant with murder, in violation of 18 U.S.C. §§ 1153 and 1111. (Doc. 1.)

2. Defendant appeared for an initial appearance on March 31, 2020. (Doc. 4.) At Defendant's request, the Court extended the indictment deadline in order to allow the parties to discuss pre-indictment resolution. (Docs. 13, 15.)

3. In order to facilitate a potential settlement, the United States has disclosed and intends to disclose to counsel of the defendant materials concerning the government's investigation of this case. These materials include:

   a. Victim medical records, to include the Office of the Medical Investigator (OMI) reports; and

   b. OMI photographs of the victim's body and injuries.

4.      The United States is concerned that dissemination of this type of information has significant privacy implications for the victims. The Crime Victims' Rights Act provides victims of federal offenses with the right to be treated with fairness and with respect for the victim's dignity and privacy. 18 U.S.C. § 3771 (a)(8). The statute imposes an affirmative obligation on both the Court and the prosecution to ensure this right is protected. 18 U.S.C. §§ 3771(b)(l) and (c).

5.      Rule 16(d)(1) of the Federal Rules of Criminal Procedure, titled "Protective and Modifying Orders," states that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

6.      Undersigned counsel has conferred with counsel for Defendant concerning this issue. The parties have agreed that an appropriate resolution is the issuance of a protective order governing the discovery specified above.  The parties have agreed on the terms of a proposed protective order, a copy of which will be emailed to the Court contemporaneously with the filing of this motion.

7.      Accordingly, the United States submits that there is good cause for the Court to enter a protective order with the following terms:

    c. The victim medical records, to include the Office of the Medical Investigator (OMI) reports, and the OMI photographs of the victim's body and injuries (hereafter referred to as "confidential material") received by the defendant (through that defendant's attorney) from the United States shall not be shown or otherwise provided or disclosed to individuals other than:

        i. Defendant;

        ii. Defendant's attorney of record;

   iii. employees of such attorney to whom it is reasonably necessary that the material be shown for the purposes of this action;

   iv. witnesses and their counsel and potential witnesses and their counsel; and,

   v. experts or consultants who are assisting in this action.

  Individuals to whom confidential material is shown or otherwise provided must be provided with a copy of this protective order, and agree to be bound by its terms prior to being shown or otherwise provided with any material.

 d. The confidential material received by Defendant shall be used solely for the purposes of this action.  Nothing in this protective order limits the defendant or the United States from disclosing material in this or related judicial proceedings, including in motions, at hearings, at trial, or in an appeal.  This protective order requires, however, that the party redact any personal identifying information and other private information in accordance with Fed. R. Crim. P. 49.1.

 e. Counsel for defendant and/or anyone properly assisting counsel shall not give any copies of the OMI photographs directly to defendant.  The defendant only may review these materials in the presence of counsel and/or anyone properly assisting counsel.

  For the foregoing reasons, the United States respectfully requests that the Court enter a stipulated protective order, the terms of which have been agreed to by both parties.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*/s/ Electronically filed June 24, 2020*
ALLISON C. JAROS
Assistant U.S. Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 224-1402 phone
(505) 346-7296 fax

I hereby certify that a copy of this motion was delivered via CM/ECF to counsel for the defendant.

*Electronically filed*
ALLISON C. JAROS